```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SARA HARVEY, pro se, SARA HARVEY,
wife/next friend, and GARY E. HARVEY,
physically incapacitated adult,

            Plaintiffs,                     11-CV-6563T

        -v-                                 DECISION
                                            and ORDER

CHEMUNG COUNTY, CHEMUNG COUNTY
DEPARTMENT OF SOCIAL SERVICES (CCDSS),
ADULT PROTECTIVE SERVICES OF CHEMUNG
COUNTY (APS), MENTAL HYGIENE LEGAL
SERVICES (MHLS), CHEMUNG COUNTY NURSING
FACILITY (CCNF), ST. JOSEPH'S HOSPITAL (SJH),
DERETHA WATTERSON, RITA GOULD, KEVIN
MOSHIER, ESQ., BRYAN MAGS, ESQ., FRANCISCO
CORBALAN, M.D., LINDA DAINO, AND
DONALD S. THOMSON, ESQ.

            Defendants.
_____
```

## INTRODUCTION

Plaintiff Sara Harvey, ("Mrs. Harvey" or "the plaintiff") proceeding pro se, brings this action against the above-named defendants claiming that they have violated her rights, and the rights of her husband Gary E. Harvey, ("Mr. Harvey") who previously suffered a serious brain injury and is now in a persistent vegetative state. Plaintiff alleges that the defendants have failed to provide Mr. Harvey with adequate healthcare, and have prevented her from controlling his health care. According to Mrs. Harvey, the defendants, who include Mr. Harvey's legal guardians, care givers, insurers, and various attorneys, have failed to provide adequate

healthcare; have failed to provide rehabilitative care; have unlawfully prohibited Harvey from visiting with and caring for her husband, and have unlawfully had her removed as the legal guardian of her husband. Mrs. Harvey contends that the defendants' actions violate her rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution, have violated the Americans with Disabilities and Olmstead Acts, and have violated Sections 1981 and 1983 of Title 42 of the United States Code.

Plaintiff filed her original Complaint on November 14, 2011. Simultaneously, she filed a motion for appointment of counsel. One month later, on December 15, 2011, Mrs. Harvey filed an Amended Complaint, and simultaneously filed a motion for the appointment of a guardian ad litem for her husband. Thereafter, the defendants, by motions filed January 9, 2012, January 11, 2012, January 12, 2012, and January 24, 2012, move to dismiss plaintiff's claims for failure to state a claim. By motion dated January 31, plaintiff moves to disqualify attorney Don Thomson as counsel of record in this matter because of purported conflicts of interest, and by motion dated February 24, 2012, plaintiff moves for summary judgment.

For the reasons discussed below, I grant defendants' motions to dismiss, deny plaintiff's motion for summary judgment, request for appointment of a guardian ad litem, motion for appointment of

counsel, and motion to disqualify, and dismiss the Amended Complaint with prejudice.

## BACKGROUND

Plaintiff Sara Harvey is the wife of Gary Harvey, a long-term patient residing in a skilled nursing home at St. Joseph's Hospital in Elmira, New York. In January 2006, Mr. Harvey suffered a severe brain injury that has left him comatose, and in a persistent vegetative state. Following his injury, Mr. Harvey was treated at the Chemung County Nursing Facility, in Elmira, New York.

Mrs. Harvey has had a contentious relationship with her husband's caregivers. As a result, in April, 2006, Harvey, who was represented by counsel, brought a proceeding in New York State Supreme Court to be appointed the guardian of her husband.[1] Initially, the parties to the proceeding stipulated to appoint Mrs. Harvey as guardian. However, Mrs. Harvey withdrew her consent to the stipulation, and requested a hearing on the matter. Thereafter, Mrs. Harvey appeared with new counsel at the hearing scheduled before Justice Robert C. Mulvey of the New York State Supreme Court, Chemung County. Mrs. Harvey's counsel, however, asked to be relieved due to a conflict of interest. Mrs. Harvey's counsel was relieved, and plaintiff proceeded pro se at the hearing. Justice

---

[1] Although plaintiff failed to identify this action in her Complaint, the court may take judicial notice of the prior proceedings. See Infanti v. Scharpf, 2012 WL 511568, *2 (E.D.N.Y., February 15, 2012)("Even if not incorporated in a complaint, the Court may take judicial notice of judgments entered in prior proceedings'")(quoting Joseph v. HDMJ Rest., Inc., 685 F.Supp.2d 312, 315 (E.D.N.Y.2009))

Mulvey conducted the hearing to determine whether or not Mrs. Harvey should be appointed as guardian of her husband, and in a written Decision and Order dated March 13, 2007, held that Sara Harvey was "not suitable to carry out the responsibilities and duties of guardian of her husband." See March 13, 2007 Decision and Order of Justice Robert C. Mulvey at p. 4-5.  In so holding, Justice Mulvey noted that Mrs. Harvey: acted contrary to Mr. Harvey's medical needs by attempting to feed him food despite the fact that Mr. Harvey is incapable of swallowing, thereby putting him in danger of aspiration and aspiration pneumonia; cut an external vinyl tube that was part of Mr. Harvey's tracheostomy, (resulting in the New York State Department of Health intervening and requiring all visits by Sara Harvey with her husband to be supervised); took Mr. Harvey off nursing facility grounds, occasionally without informing staff of where he was being taken, and wheeled her husband in a reclining lounge chair around city streets, subjecting him to potential dangers; and refused to attend guardianship training that she had to agreed to attend as part of the original stipulation appointing her as guardian of Mr. Harvey.  See March 13, 2007 Decision and Order of Justice Robert C. Mulvey at p. 5-6.[2]  In the absence of any other better suited or willing party to act as guardian, Justice Mulvey appointed the Chemung County Department of Social Services

---

[2] Mrs. Harvey denies many of the allegations made against her that formed the basis of Judge Mulvey's decision with respect to the appointment of Mr. Harvey's guardian.

to act as Mr. Harvey's guardian.  Pursuant to that Order, defendant Deretha Watterson of the Chemung County Department of Social Services has acted as Mr. Harvey's guardian.

In August, 2009, Mrs. Harvey, proceeding pro se, moved to have the County of Chemung removed as guardian, and to have herself substituted as guardian.  Justice Judith O'Shea of the New York State Supreme Court, Chemung County conducted a hearing on the application.  Justice O'Shea noted that during the pendency of the proceedings, Mr. Harvey's insurer, Blue Cross and Blue Shield, obtained a judgment against Mrs. Harvey in the amount of $35,997.28 for checks that were sent to reimburse Mr. Harvey's medical expenses, but which were cashed and spent by Mrs. Harvey for her own needs.  Additionally at the hearing, Mrs. Harvey failed to appear to give testimony on her own behalf.  Justice O'Shea denied Mrs. Harvey's motion to remove the County of Chemung as Mr. Harvey's guardian, and further prohibited her from filing papers with the court unless she was represented by a licensed attorney admitted to practice before the courts, or had received explicit permission of the court to file papers.  These sanctions resulted from Mrs. Harvey's voluminous filings before that court which Justice O'Shea described as "filled with inaccuracies, misstatements of fact, frivolous allegations, and inconsistent demands . . . ."  See June 20, 2011 Decision and Order of Justice Judith F. O'Shea at p. 4.

Justice O'Shea further characterized Mrs. Harvey's conduct as "increasingly belligerent and bizarre . . . ." Id. at p. 5.

Mrs. Harvey appealed Justice O'Shea's decision, but on November 7, 2011, she voluntarily withdrew her appeal. One week later, on November 14, 2011, Mrs. Harvey filed the instant action in this court against seven named defendants, alleging various violations of her federal and constitutional rights, and violations of her husband's rights. Plaintiff simultaneously moved for appointment of counsel. Approximately one month later, on December 15, 2011, plaintiff moved for appointment of a guardian ad litem for her husband, and filed an Amended Complaint. Plaintiff's Amended Complaint names 13 defendants, and sets forth seventeen claims upon which plaintiff seeks relief. Plaintiff again purports to proceed on behalf of herself and her husband.

Plaintiff's seventeen claims set forth various complaints that she has with her husband's care as follows.

Claim One of the Amended Complaint alleges that Mrs. Harvey has been shut out of discussions about her husband's care, and that the defendants have failed to seek rehabilitative care for her husband, and have allowed her husband to atrophy. Plaintiff further alleges that the defendants have failed to provide dental care and eye exams. As relief, plaintiff seeks an order directing the defendants to provide rehabilitative care, and directing defendants to give plaintiff free access to Mr. Harvey's medical records.

Claim Two of the Amended Complaint alleges that because Mr. Harvey suffers from a disability, the defendants have failed to care for him as they should, and have prevented Mr. Harvey from obtaining a second medical opinion.  She alleges that the defendants purposefully deny care to Mr. Harvey so that the nursing home in which he resides can continue to collect fees for services provided to him.  She alleges a conflict of interest between attorneys representing the County of Chemung because the County is both the guardian of Mr. Harvey and the payer of certain governmental benefits to Mr. Harvey.  She seeks an order, <u>inter</u> <u>alia</u>: granting Mr. Harvey permission to get a second medical evaluation and opinion; "all of the benefits that his private health insurance has to offer;" placement of her husband in a "safer" environment; and voiding the opinion testimony of defendant Dr. Corbalan in the State guardianship proceedings.

Claim Three of the Amended Complaint alleges that defendant attorney Moshier appointed to represent Mr. Harvey's interests has failed to do so, and has failed to act in the best interests of Mr. Harvey.  Plaintiff alleges that Mr. Moshier has failed to protect Mr. Harvey from "abuse, neglect, exploitation, isolation, [and] unwarranted and overly restrictive indefinite institutionalization and hospitalization", and has assisted defendants and others in looting Mr. Harvey's estate.  Plaintiff asks that defendant Moshier be removed as Mr Harvey's lawyer.

Claim Four of the Amended Complaint alleges that the Chemung County Department of Social Services improperly designated Adult Protective Services as Mr. Harvey's guardian, and that Mr. Harvey has been denied the services of traumatic brain injury specialists. Plaintiff seeks an order terminating Mr. Harvey's guardianship, directing that Mr. Harvey receive services of a traumatic brain injury specialist, and directing that he be integrated back into the community.

Claim Five of the Amended Complaint alleges that Mr. Harvey has been denied rights of personal autonomy and privacy guaranteed by New York State law, and that the defendants have failed to provide services to Mr. Harvey in the "least restrictive" environment possible.

Claim Six of plaintiff's Amended Complaint alleges that the defendants have "warehoused" Mr. Harvey, and that he is under constant surveillance via a security camera. Plaintiff seeks an order from this court directing that Mr. Harvey be moved to a community setting so that he may be free from isolation, and allowed private visits with family members.

Claim Seven of the Amended Complaint alleges that Mr. Harvey's guardians lack authority to make medical decisions on behalf of Mr. Harvey, and that the defendants have obstructed Mrs. Harvey from obtaining second opinions regarding Mr. Harvey so that they may continue to collect payments for Mr. Harvey's care. Plaintiff also

alleges that defendants have failed to create a discharge plan for Mr. Harvey.

Claim Eight of the Amended Complaint alleges that the defendants have put their own financial interests ahead of Mr. Harvey's medical needs, and have provided substandard care in order to profit from Mr. Harvey's condition.  Plaintiff alleges that Mr. Harvey has been subjected to needless procedures and surgeries for the purpose of allowing the defendants to be reimbursed for those services.

Claim Nine of the Amended Complaint alleges that a designee of the appointed guardian has been making unauthorized decisions about the care and treatment of Mr. Harvey, and has prevented Mrs. Harvey from visiting with Mr. Harvey in private.  Mrs. Harvey seeks an order from the court directing that the designee be removed from providing care for Mr. Harvey.

Claim Ten of the Amended Complaint alleges that the defendants have prevented Mr. Harvey from free and unfettered access to the courts, and in doing so, have violated Mr. Harvey's constitutional rights, and have prevented him from exercising his constitutional rights.  To remedy this, plaintiff seeks an order from this court declaring all previous decisions "null and void."

Claim Eleven of the Amended Complaint alleges that the defendants prohibited one of Mr. Harvey's life long friends from visiting him, and hired a person with an extensive criminal record

to provide security for Mr. Harvey. She further claims that she has been barred from visiting her husband by the defendants. She seeks an order from this court providing "[b]etter relief for the special proceeding petition to warrant an adult protective service to act as a policing agent isolating and the segregation of my husband." Though not completely clear, it appears that plaintiff wants this court to intervene in state court proceedings regarding plaintiff's petitions for various forms of relief.

Claim Twelve of the Amended Complaint alleges that her husband's appointed guardian, defendant Deretha Watterson, has abused her position and has violated Mr. Harvey's constitutional rights by making decisions regarding his care. Plaintiff further alleges that Mr. Harvey's doctor has violated Mr. Harvey's privacy rights by discussing Mr. Harvey's medical condition with third parties.

Claim Thirteen of the Amended Complaint alleges that the defendants have failed to properly care for Mr. Harvey's optical and dental conditions, resulting in a worsening of his glaucoma, and several oral diseases. She seeks an order directing that Mr. Harvey receive proper oral and dental care.

Claim Fourteen of the Amended Complaint alleges that defendant Rita Gould attempted to end Mr. Harvey's life "by an order to show cause in June 12, 2009." Though it is not exactly clear from the Amended Complaint how defendant Gould attempted to end Mr. Harvey's

life, plaintiff appears to allege that Gould attempted to starve and/or dehydrate Mr. Harvey. Plaintiff seeks an order dismissing Gould from her role in Mr. Harvey's care.

Claim Fifteen of the Amended Complaint alleges that plaintiff has been threatened by the defendants that she would not be allowed visitation with her husband unless she enrolled her husband back on her private health insurance. She claims that after she put Mr. Harvey back on her insurance, the defendants nevertheless severely restricted her access to Mr. Harvey, and prevented her from speaking to him over the phone. She seeks an order allowing "unfettered" visits with Mr. Harvey by all members of Mr. Harvey's family, as well as his friends.

Claim Sixteen of the Amended Complaint alleges that the defendants have charged for services that they did not perform with respect to Mr. Harvey's care. She seeks an order requiring defendants to inform her of all treatments and procedures that her husband receives.

Claim Seventeen of the Amended Complaint alleges that the defendants have unlawfully limited her access to her husband, and have unlawfully isolated Mr. Harvey. She seeks an order allowing her to visit freely with her husband, and to prevent continued isolation of Mr. Harvey by the defendants.

The defendants strenuously deny the allegations made by the plaintiff in her Amended Complaint, and allege that Mr. Harvey is

receiving the best possible care for his significant medical conditions. They allege that Mrs. Harvey has not acted in her husbands best interests, and that because she is not her husband's guardian, she lacks legal authority to make decisions regarding his care, and lacks authority to bring claims on his behalf. Defendant's further allege that plaintiff may not attempt to circumvent the appointment of the Chemung County Department of Social Services as Mr. Harvey's guardian by seeking a nullification of that appointment by this court.

## DISCUSSION

### I. Standard for Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted).  Moreover, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. Hayden v. Patterson, 594 F.3d 150, 161 (2nd Circ., 2010). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

In the instant case, defendants seek dismissal of plaintiff's claims on grounds that she lacks legal authority to bring any claim on behalf of her husband, and that this court lacks authority to review the guardianship determination to which plaintiff objects. Because I find that plaintiff may not pursue claims on behalf of her husband, and has failed to state any claims on her own behalf, I grant the defendants' motions to dismiss.

II.  Plaintiff Lacks Legal Authority to bring any claim on behalf of her husband.

As this Court recently stated in Fitch v. Arnot Ogden Medical Center,

> [i]t is well settled that a person who is not an attorney may not represent another person in federal court. 28 U.S.C. § 1654 provides that a pro se plaintiff may only represent him or herself in federal court, and may not represent another party. Accordingly, courts have prohibited pro se litigants from representing other persons.

11-CV-6284T at p. 2 (W.D.N.Y., September 16, 2011)(Telesca, S.J.)(citations omitted).  In the instant case, Mrs. Harvey is attempting to bring claims on behalf of her husband, Mr. Harvey. Because Mrs. Harvey is not an attorney, she is prohibited from raising such claims on his behalf.  Moreover, in light of the fact that Mrs. Harvey is not Mr. Harvey's legal guardian, the prohibition to her raising claims in his name is even more pronounced.  Because Mrs. Harvey may not attempt to assert or enforce the legal rights of her husband in federal court, all claims brought on behalf of her husband are dismissed with prejudice.

III. This Court Lacks Authority to Review the Guardianship Determination Made by the New York State Supreme Court.

Plaintiff alleges that the guardianship determination made by the New York State Supreme Court has violated her rights, and the rights of her husband, under the United States Constitution, and several federal laws.  She seeks to have the guardianship

determination, and all determinations made in the New York State Supreme Court rendered "void and null" (plaintiff's Amended Complaint at p. 16), and asks that the court direct defendants to render care to Mr. Harvey in the manner that plaintiff sees fit. This court, however, lacks jurisdiction to review the New York State Supreme Court's determination that plaintiff is not fit to serve as the guardian of her husband, and that the Chemung County Department of Social Services is the best available party to serve as Mr. Harvey's guardian. I therefore deny her request for relief, and dismiss her claims with prejudice.

The Supreme Court held in Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983), that a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus (the "Rooker-Feldman doctrine"). Federal district courts do not have jurisdiction "over challenges to state court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 462.[3] In such cases, only

---

[3] In Feldman, the Supreme Court distinguished between constitutional challenges to final judgments of a state court in judicial proceedings, over which the federal district court did not have subject matter jurisdiction, and constitutional challenges to a rule made by a state court in a legislative capacity, over which the district court did have subject matter jurisdiction. Feldman, 460 U.S. at 482-86. The only exception to this rule, now commonly known as the Rooker-Feldman doctrine, is where a federal statute authorizes federal

the United States Supreme Court may review the state court judicial decisions.  *See* 28 U.S.C. § 1257(a).  Even in cases where a state court decision is wrong, either as a matter of law or fact, only the Supreme Court  or the state's appellate courts, have the power to reverse or modify that judgment, because the jurisdiction of the lower federal courts is strictly original, and does not provide for district court review of state court determinations.  Rooker, 263 U.S. 413, 415-16.

Thus, "[a] plaintiff ... 'may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.'"  Brooks-Jones v. Jones, 916 F.Supp. 280, 281-282 (S.D.N.Y. 1996) (quoting Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993) (quotation omitted), *cert. denied*, 510 U.S. 1046 (1994)). "Where federal relief can only be predicated upon a decision that the state court was wrong, the § 1983 claim cannot, in substance, be viewed as anything other than a prohibited appeal of the state court judgment."  Brooks-Jones, 916 F.Supp. at 282.

In the instant case, plaintiff alleges that the New York State Supreme Court wrongly determined that she was not qualified to serve as Mr. Harvey's guardian, and she complains that her rights, and the rights of her husband have been violated by the defendants who are acting in accordance with their authority as guardian, or incidental

---

appellate review of final state court decisions.  Fariello v. Campbell, 860 F.Supp. 54, 65 (E.D.N.Y. 1994).  Section 1983 of 42 U.S.C. contains no such special authorization.

to the their role in the guardianship proceedings. Accordingly, her claims are inextricably intertwined with the guardianship ruling of the New York State Supreme Court–a ruling that this court may not review. See Feldman, 460 U.S. at 482-83 n. 16 (federal courts lack subject matter jurisdiction over constitutional claims that collaterally attack a state court judgment, if the § 1983 claims are "inextricably intertwined" with the state court judgment). Because this court cannot change the finding of the New York State Supreme Court that the Chemung County Department of Social Services is the appropriate guardian of Mr. Harvey, this court may not grant the various forms of relief sought by the plaintiff: that she be appointed guardian; that the appointed guardians be removed; that specific medical exams or procedures be allowed; that the defendants be prohibited from administering the care and treatment of Mr. Harvey that they deem appropriate. As a result, I dismiss all of plaintiff's claims with prejudice.

With respect to plaintiff's request for appointment of counsel, that request is denied. There is no right to counsel in a civil case, and as plaintiff's Amended Complaint lacks merit in its entirety, I decline to appoint counsel.

With respect to plaintiff's request that a guardian ad litem be appointed to protect Mr. Harvey's interests, the court notes that the New York State Supreme Court has appointed a guardian to represent Mr. Harvey's interests, and, pursuant to Rule 17(c)(1) of

the Federal Rules of Civil Procedure, it is that party alone that may bring an action to enforce or protect Mr. Harvey's rights. Although the plaintiff alleges that Mr. Harvey's guardian is responsible for the violation of his rights, and therefore the appointment of a guardian ad litem is required to protect Mr. Harvey from alleged abuses by his guardian, there has been no credible showing by the plaintiff that Mr. Harvey's rights are not adequately protected by his current guardian. Accordingly, and commensurate with my duty under Rule 17(c)(2) of the Federal Rules of Civil Procedure to ensure that an incompetent's person's rights be protected, I decline to appoint a guardian ad litem for Mr. Harvey. I find that Mr. Harvey's rights have not been compromised because Mrs. Harvey's attempt to assert rights on his behalf is without legal effect, and unsupported by the extensive history of his care in this record, I conclude that none of his rights will be compromised by the dismissal of plaintiff's claims.

## CONCLUSION

For the reasons set forth above, I grant defendants' motions to dismiss, and dismiss plaintiff's complaint with prejudice. Any further relief sought by plaintiff must be directed to the United States Court of Appeals, Second Circuit.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   March 6, 2012
         Rochester, New York