UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SARA HARVEY, pro se, SARA HARVEY,
wife/next friend, and GARY E. HARVEY,
physically incapacitated adult,

                    Plaintiffs,                    11-CV-6563T

      -v-                              **DECISION**
                                         **and ORDER**

CHEMUNG COUNTY, CHEMUNG COUNTY
DEPARTMENT OF SOCIAL SERVICES (CCDSS),
ADULT PROTECTIVE SERVICES OF CHEMUNG
COUNTY (APS), MENTAL HYGIENE LEGAL
SERVICES (MHLS), CHEMUNG COUNTY NURSING
FACILITY (CCNF), ST. JOSEPH'S HOSPITAL (SJH),
DERETHA WATTERSON, RITA GOULD, KEVIN
MOSHIER, ESQ., BRYAN MAGS, ESQ., FRANCISCO
CORBALAN, M.D., LINDA DAINO, AND
DONALD S. THOMSON, ESQ.

                    Defendants.

_____

## <u>INTRODUCTION</u>

Plaintiff Sara Harvey, ("Mrs. Harvey" or "the plaintiff") who appears in this action <u>pro</u> <u>se</u>,[1] seeks reconsideration of my March 6, 2012 Decision and Order dismissing her Amended Complaint with prejudice.  Mrs. Harvey further moves for my recusal from this matter on grounds of a conflict of interest, and removal of opposing counsel.  For the reasons set forth below, the plaintiff's motions are denied.

_____

[1] Although plaintiff has filed the instant motions before the court <u>pro</u> <u>se</u>, a review of the pleadings makes it clear to the court that plaintiff's papers were prepared by an attorney, or other person trained in the law.

## BACKGROUND

Familiarity with this Court's March 6, 2012 Decision and Order is presumed.  In summary, plaintiff Sara Harvey attempted to bring state and federal claims against the defendants on behalf of her husband Gary Harvey ("Mr. Harvey"), who is in a persistent vegetative state, and is under the guardianship of the Chemung County Department of Social Services.  Plaintiff alleges that the defendants have not properly cared for her husband or have mistreated her husband.  The Chemung County Department of Social Services was appointed as Mr. Harvey's guardian after Sara Harvey was determined by the New York State Supreme Court, Chemung County, to be unfit to act as guardian.  In my March 6, 2012 Decision and Order, I held, inter alia, that because the Mrs. Harvey is not Mr. Harvey's legal guardian, plaintiff lacked standing to assert any claims on his behalf, and as a result, I dismissed her complaint with prejudice.

Mrs. Harvey now seeks reconsideration of my March 6, 2012 Decision and Order claiming that because this court determined that it lacked jurisdiction to review the decisions made by New York State Courts, the court should not have ruled on plaintiff's other requests for relief, including plaintiff's request for appointment of counsel, request for appointment of a guardian ad litem for Mr. Harvey, and request that opposing counsel be disqualified. Plaintiff further objects that because I held that she lacked legal

standing to bring claims on behalf of her husband, those portion's of my Decision and Order dismissing her husband's claims are without merit.  Plaintiff's request for reconsideration is denied.

## DISCUSSION

### I.   Motion for Reconsideration

A motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is addressed to the "sound discretion of the district court and . . . [is] generally granted only upon the showing of exceptional circumstances." Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990), aff'd, 501 U.S. 115 (1991).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255 (2d Cir. 1995).

Plaintiff has identified no factual or legal argument that would compel reconsideration of my March 6, 2012 Decision and Order. Rather, plaintiff's arguments suggest that despite any legal counsel she may be receiving, she does not understand the legal underpinnings or consequences of this Court's ruling.  However, because my March 6, 2012 Decision and Order is clear, no further explication is necessary or warranted.

II.  Motions for Recusal and Disqualification of opposing
     <u>Counsel</u>.

Plaintiff alleges that I have a conflict of interest in this matter because I was nominated to the bench by former United States Senator Alfonse D'Amato, who apparently has been in partnership with John O'Mara, a named partner in the law firm of Davidson & O'Mara, the firm which plaintiff seeks to disqualify.  Plaintiff further alleges that my reference to attorney "Donald Thomson," a member of the Davidson & O'Mara firm, as "Don Thomson" belies an intimacy and familiarity with Mr. Thomson and his firm that renders me biased in favor of the defendants.

Plaintiff's motion for my recusal is denied.  Plaintiff's unsupported allegations of a connection between this Court and the Davidson & O'Mara law firm are without merit, and likely violative of Rule 11 of the Federal Rules of Civil Procedure, which prohibits parties, including <u>pro</u> <u>se</u> parties, from submitting factual contentions which lack evidentiary support.  <u>See</u> Fed. R. Civ. P. 11(b)(3).  Plaintiff is advised of her obligations pursuant to Rule 11, and warned that failure to comply with Rule 11 may result in sanctions.

Finally, plaintiff seeks disqualification of the attorneys for Mr. Harvey's guardian.  Again, as plaintiff has no standing in this matter, her request for disqualification is denied.

## CONCLUSION

For the reasons set forth above, I deny plaintiff's motions for reconsideration, disqualification, and recusal.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ Michael A. Telesca

_____
                MICHAEL A. TELESCA
              United States District Judge

Dated:    April 24, 2012
          Rochester, New York